UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION                                              MDL No. 2989


**TRANSFER ORDER**


**Before the Panel**:*  Plaintiffs in the Northern District of California *Cheng* action move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.  This litigation consists of 39 actions pending in fourteen districts, as listed on Schedule A.[1]  Since the filing of the motion, the parties have notified the Panel of fifteen related federal actions pending in ten districts.[2]

A majority of responding plaintiffs support centralization.  Plaintiffs in twelve actions, and plaintiffs in one action in the alternative, support centralization in the Northern District of California.  Plaintiffs in two actions and one potential tag-along action suggest alternative venues for this litigation:  the District of the District of Columbia, the Southern District of Florida, and the Eastern District of New York.  Plaintiffs in eleven actions did not file a brief in response to the motion, but submitted Notices of Waiver of Oral Argument indicating support for centralization with no position on district.

Several plaintiffs either oppose centralization, in full or in part, or oppose their inclusion in any MDL.  Plaintiffs in the Central District of California *Gossett* action request centralization of actions naming as defendants only the Robinhood entities and a small set of market makers and/or hedge funds.  The *Gossett* plaintiffs oppose inclusion of any other actions in the MDL, particularly those alleging an industry-wide antitrust conspiracy.  Plaintiffs in four Florida actions oppose centralization entirely.  Alternatively, they request exclusion from the MDL.  Plaintiffs in the Northern District of Illinois *Lagmanson* and District of New Jersey *Muncy* actions likewise request exclusion from any centralized proceedings.

---

* Judges Catherine D. Perry and Dale A. Kimball did not participate in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The motion initially listed 41 actions, two of which have been voluntarily dismissed.

[2] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

- 2 -

All responding defendants support centralization. Robinhood Markets, Inc., Robinhood Financial, LLC, and Robinhood Securities, LLC (collectively, Robinhood) support centralization in the Northern District of California or, alternatively, in the Middle District of Florida. The Charles Schwab Corporation, Charles Schwab & Co., Inc., TD Ameritrade, Inc., TD Ameritrade Clearing, Inc., and TD Ameritrade Holding Corporation (collectively, Schwab) support centralization in the Middle District of Florida. Defendants Apex Clearing Corporation, Candlestick Capital Management LP, and Melvin Capital Management LP support centralization in the Southern District of Texas or, alternatively, in the Middle District of Florida. Four other defendants did not file briefs in response to the motion, but submitted Notices of Waiver of Oral Argument indicating support for centralization in either of these districts.[3] Additionally, fourteen non-responding defendants filed Notices of Waiver of Oral Argument indicating support for centralization with no position on district.[4]

On the basis of the papers filed and the hearing session held,[5] we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from trading restrictions imposed by Robinhood and other brokers in late January 2021 in response to a dramatic rise in trading and share prices for a group of "meme stocks."[6] The frenetic trading in these stocks by retail traders allegedly was spurred by members of a Reddit forum called "r/WallStreetBets," who realized that, as the value of these securities increased, several major hedge funds and institutional investors that had taken short positions on these securities would be exposed to potentially ruinous losses (i.e., they were subject to a "short squeeze"). Beginning on January 28, 2021, however, certain on-line trading platforms primarily used by the retail traders—in particular, Robinhood—

---

[3] These defendants are Ally Financial, Inc., Dough LLC, Stash Financial, Inc., and Tastyworks, Inc.

[4] These defendants include: Alpaca Securities LLC; Barclays Bank PLC; Citadel Securities LLC; Citadel Enterprise Americas LLC; The Depository Trust Company; The Depository Trust & Clearing Corporation; eToro USA Securities, Inc.; E*Trade Financial Holdings LLC; E*Trade Financial Corporation; E*Trade Securities LLC; Morgan Stanley Smith Barney LLC; Open to the Public Investing, Inc.; Point72 Asset Management, L.P.; and Sequoia Capital Operations LLC.

[5] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of March 25, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 2989 (J.P.M.L. Mar. 8, 2021), ECF No. 240.

[6] These meme stocks allegedly include: GameStop Corp. (GME); AMC Entertainment Holdings Inc. (AMC); American Airlines Group Inc. (AAL); Bed Bath & Beyond Inc. (BBBY); BlackBerry Ltd. (BB); Express, Inc. (EXPR); Koss Corporation (KOSS); Naked Brand Group Ltd. (NAKD); Nokia Corp. (NOK); Sundial Growers Inc. (SNDL); Tootsie Roll Industries, Inc. (TR); and Trivago N.V. (TRVG).

- 3 -

restricted the ability of retail investors to purchase the relevant securities.[7]  Plaintiffs allege that these trading restrictions created a one-way sell situation and resulted in a steep decline in share prices for the meme stocks, which in turn caused plaintiffs economic injury and allowed the various institutional investors to cover their short positions in these securities.

All the actions in this litigation arise from the trading restrictions imposed by the on-line trading platforms.  At the center of this controversy is Robinhood, which, including potential tag-along actions, is named as a defendant in all but five actions.[8]  The defendants in those five actions are named as defendants in several other actions along with Robinhood.  These actions thus will entail common discovery of Robinhood, other broker defendants, and the various institutional investor and clearinghouse defendants.  Nearly every action asserts similar claims for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and negligence.  Numerous actions also assert causes of action under antitrust, securities, and state consumer protection laws.  Similarly, there is significant overlap in the putative classes asserted in these actions, most of which include all Robinhood users affected by the trading restrictions.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification); and conserve the resources of the parties, their counsel, and the judiciary.

The opposing plaintiffs raise several arguments against centralization, but most of these stem from the differences in theories, claims, and defendants involved in this litigation.  Some plaintiffs allege that Robinhood was inadequately capitalized and was unable to meet regulatory and clearinghouse deposit requirements.  Others allege that Robinhood and other brokers restricted trading because they had financial ties to investors that had taken short positions in the meme stocks.  Still others allege an industry-wide conspiracy to protect the institutional investors.  Similarly, plaintiffs assert numerous causes of action sounding in the common law, antitrust law, securities law, and state consumer protection law against varied defendants.  And while most actions name only Robinhood as a defendant, others name more than forty brokers, funds, and clearinghouses as defendants.

---

[7] For instance, certain trading platforms allegedly disabled the "buy" functions on their websites and/or mobile applications.  Some retail traders had their queued purchase orders cancelled without their consent, while others were unable to search for the relevant securities on certain platforms.

[8] Three actions name only TD Ameritrade, Inc., one action names TD Ameritrade along with three Citadel entities, and one action names only Webull Financial LLC as a defendant.  As mentioned, TD Ameritrade (a Schwab defendant) supports centralization, and Citadel filed a Notice of Waiver of Oral Argument indicating support for centralization.  Plaintiffs in one of these actions also supports centralization, while plaintiff in another filed a Notice of Waiver of Oral Argument indicating support for centralization.  Plaintiffs in the other three actions and Webull Financial did not respond to the motion.  *See* Panel Rule 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

- 4 -

This variation arises because the reasons why Robinhood and the other brokers imposed the trading restrictions on the meme stocks remain subject to dispute. The discovery necessary to bring certainty as to the brokers' motivations and conduct will be similar across the actions and will benefit from centralized treatment. Excluding any one of these causes of action or defendants is problematic because many of the complaints assert causes of action in two or more of these areas and name defendants that overlap with other actions. For instance, the *Gossett* plaintiffs ask us to exclude the actions against the antitrust actions naming multiple non-Robinhood defendants, but many of those actions assert the same breach of contract and breach of fiduciary duty claims asserted in actions limited to Robinhood. Plaintiff in D. New Jersey *Muncy* asks that his claims under the Securities Exchange Act be excluded from the MDL, but other plaintiffs also assert claims under the Exchange Act, as well as common law claims and antitrust law claims.[9] We are not persuaded that individual issues relating to liability will overwhelm the common factual questions these actions present. In any event, attempting to separate actions by cause of action or named defendant is impracticable and would undermine the efficiencies to be obtained through centralized pretrial proceedings.

Several of the opposing plaintiffs suggest that centralization of multiple defendants is inappropriate because this will raise trade secret and confidentiality concerns that could complicate and delay the litigation. Denying centralization would hardly alleviate any trade secret concerns, however, because many of these cases name multiple defendants. Moreover, we have not hesitated to centralize actions involving multiple, competing defendants where an industry-wide collusion or conspiracy is alleged. *See, e.g., In re Generic Digoxin & Doxycycline Antitrust Litig.*, 222 F. Supp. 3d 1341, 1343 (J.P.M.L. 2017).

Some of the opposing plaintiffs also argue that informal cooperation and coordination of similar cases can alleviate any overlap in the pretrial proceedings. But this litigation involves more than fifty cases and as many, if not more, involved counsel. Given the number of parties and counsel, centralization is the only practicable means of coordinating the pretrial proceedings in this litigation.

The four Florida plaintiffs argue that centralization is not appropriate because they have agreed to file a consolidated complaint in Florida state court that asserts a single count for violation of the Florida Deceptive and Unfair Practices Act. Centralization, however, will not prevent plaintiffs from filing a state court action (which, of course, is not subject to centralization under Section 1407). To the extent the Florida plaintiffs' actions remain in federal court, they share

---

[9] Plaintiff in *Muncy* argues that the plaintiffs asserting these other Exchange Act claims have not perfected their claims under the Private Securities Litigation Reform Act (PSLRA). Whether plaintiffs have complied with the PSLRA is a disputed question best left to the transferee court to resolve. Likewise, whether other plaintiffs' state law marketing and fraud claims are precluded by federal securities law is a merits question that we do not address. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case.").

- 5 -

common factual questions regarding the Robinhood trading restrictions with numerous other actions in this litigation.

Accordingly, we will not exclude any of the actions from this MDL. To be sure, this will be a complex litigation that will require careful management. The transferee court, though, can employ any number of pretrial techniques—such as establishing claim-specific or defendant specific tracks and creating an attorney leadership structure that reflects the differences in the claims—to manage the differences that these actions may present. And, if the transferee court determines that coordinated or consolidated pretrial litigation of any action or group of actions will not enhance justice and efficiency, the transferee court can suggest Section 1407 remand with a minimum of delay. *See* Panel Rules 10.1–10.3.

The Southern District of Florida is an appropriate transferee district for this litigation. There are ten Short Squeeze actions pending in Florida, four of which are in the Southern District. According to the parties, some of the events central to this litigation—in particular, Robinhood Securities' decision to restrict trading on the meme stocks, took place in Florida. The Southern District of Florida is a relatively convenient and accessible forum, with the resources and the capacity to efficiently handle what may be a large and complex litigation. The Honorable Cecilia M. Altonaga, to whom we assign this litigation, is an able jurist with multidistrict litigation experience. We are confident that Judge Altonaga will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Cecilia M. Altonaga for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |

**IN RE: JANUARY 2021 SHORT SQUEEZE
TRADING LITIGATION**                                      MDL No. 2989

## SCHEDULE A

<u>Central District of California</u>

KAYALI, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 2:21-00835
GOSSETT, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 2:21-00837

<u>Northern District of California</u>

WIEG v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 4:21-00693
DAYS v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 4:21-00696
DALTON v. ROBINHOOD SECURITIES, LLC, ET AL., C.A. No. 4:21-00697
KRASOWSKI, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL.,
     C.A. No. 4:21-00758
CEZANA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 4:21-00759
CHENG, ET AL. v. ALLY FINANCIAL INC., ET AL., C.A. No. 4:21-00781
CURIEL-RUTH v. ROBINHOOD SECURITIES LLC, ET AL., C.A. No. 4:21-00829
FEENEY, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21-00833
KRUMENACKER v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21-00838
MOODY, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21-00861

<u>Southern District of California</u>

NORDEEN, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21-00167

<u>District of Colorado</u>

DANIELS v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 1:21-00290

<u>District of Connecticut</u>

ZIEGLER v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21-00123
FRESA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21-00134

<u>Middle District of Florida</u>

DIAMOND v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 6:21-00207
SCHAFF v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 8:21-00216
SCHAFF v. TD AMERITRADE, INC., C.A. No. 8:21-00222
PERRI, ET AL. v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 8:21-00234

<ins>Northern District of Florida</ins>

BAIRD v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 4:21-00061

<ins>Southern District of Florida</ins>

COURTNEY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 0:21-60220
FRAY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 0:21-60226
JUNCADELLA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21-20414
SCALIA v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 9:21-80238

<ins>Northern District of Illinois</ins>

GATZ v. ROBINHOOD FINANCIAL, LLC, C.A. No. 1:21-00490
KAYALI, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 1:21-00510
LAGMANSON, ET AL. v. ROBINHOOD MARKETS, INC., ET AL.,
    C.A. No. 1:21-00541
CHERRY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21-00574
HISCOCK v. TD AMERITRADE, INC., C.A. No. 1:21-00624

<ins>District of New Jersey</ins>

ZYBURA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 2:21-01348
MUNCY v. ROBINHOOD SECURITIES, LLC, ET AL., C.A. No. 2:21-01729
NOORZAIE v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 3:21-01361

<ins>Southern District of New York</ins>

NELSON v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21-00777
WILLIAMS v. WEBULL FINANCIAL LLC, C.A. No. 1:21-00799

<ins>Eastern District of Pennsylvania</ins>

MINNICK, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 2:21-00489

<ins>Southern District of Texas</ins>

ROSS, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21-00292
NG, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21-00311

<ins>Eastern District of Virginia</ins>

LAVIN v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21-00115